15-3674-cv
*Stern v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of November, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> CAROL BAGLEY AMON,
> > *District Judge*.[*]

_____

MITCHELL STERN,

> *Plaintiff-Appellant*,

> v.                                                                                      15-3674-cv

CITY OF NEW YORK, P.O. GEORGE SHAMMAS, SHIELD #2871, P.O. DANIEL CASTILLO, DEPUTY SHERIFF SERGIO BOCANUMENTH, DEPUTY SHERIFF DENISE SHENTON, Individually and in Their Official Capacities,

> *Defendants-Appellees*.

_____

---

[*] Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

1

For Plaintiff-Appellant:                    ANDREW M. ST. LAURENT, Harris, St. Laurent & Chaudhry LLP, New York, New York

For Defendants-Appellees:              INGRID R. GUSTAFSON, (for Zachary W. Carter, Corporation Counsel for the City of New York), New York, New York

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Mitchell Stern appeals from a May 21, 2015 Order granting summary judgment to the City of New York, and from the July 28, 2015 judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*), entered after a jury trial, in this 42 U.S.C. § 1983 action. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

## I.      Background

In December 2009, Stern's vehicle was targeted for towing by New York City deputy sheriffs due to unpaid parking tickets. Stern interrupted the tow, the exchange between Stern and the officials escalated, and the deputy sheriffs called for police assistance. During the subsequent exchange with the police—which culminated in a physical altercation—Stern was arrested for disorderly conduct and for obstruction of governmental administration ("OGA"). The charges against Stern were later dismissed.

Stern sued the City of New York ("the City") and individual law enforcement officers, asserting claims under 42 U.S.C. § 1983. He claimed the individual defendants had falsely arrested him, and had used excessive force in doing so. He also asserted a claim pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), against the City, arguing that policy decisions of the New York City Police Department concerning the previous misconduct of one of the police officer defendants had led to the violation of Stern's Fourth

2

Amendment rights. Before trial, the district court granted the City's motion for partial summary judgment on the *Monell* claim and dismissed the City from the case. After seven days of trial and jury deliberations on Stern's remaining claims, the jury returned a verdict in favor of the defendants in all respects. After trial, the district court denied Stern's renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, as well as Stern's motion for a new trial pursuant to Federal Rule of Civil Procedure 59. Stern appealed.

## II.    Discussion

We explicitly address four of Stern's contentions.

1. Stern's first contention on appeal is that the district court should have instructed the jury to draw an adverse inference based on an alleged partial erasure of a videotape that may have shown the events surrounding the tow of Stern's vehicle and his arrest. We review a district court's decision on a motion for a discovery sanction—such as an adverse inference instruction—for abuse of discretion. *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 161 (2d Cir. 2012). A party seeking an adverse inference instruction must establish three things: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (citing *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107–12 (2d Cir. 2001)); *see also Chin*, 685 F.3d at 162. While Stern adduced some evidence suggesting that one of the individual defendants had possession of and responsibility for the videotape at some point in time, he adduced no evidence about *when* or *by whom* the videotape was erased, nor about any other of the circumstances surrounding its erasure. Nor

3

did Stern adduce evidence establishing that the videotape, prior to its partial erasure, would have supported his version of events. In light of Stern's failure to establish the prerequisites for an adverse inference instruction, the district court did not abuse its discretion in denying his request. *See Chin*, 685 F.3d at 162 (noting that even if prerequisites are present, the decision to give an adverse inference instruction lies in the discretion of the district court).

2. Stern next argues that he is entitled to a new trial because the district court's jury instructions were deficient. We disagree. At trial, the defendants argued—and the district court charged the jury on—an affirmative defense to false arrest based on the position that the police had probable cause to arrest Stern for either disorderly conduct or the separate OGA offense, or both. Stern now asserts that the instruction as to disorderly conduct was erroneous and that he is entitled to a new trial under the general verdict rule, which mandates a new trial when a district court erroneously requests only a general verdict from the jury and there is no way to know whether an invalid claim was the basis of the verdict. *Morse v. Fusto*, 804 F.3d 538, 551 (2d Cir. 2015). We are somewhat doubtful that Stern can avail himself of the general verdict rule, given that he failed to request special interrogatories to the jury regarding the basis for its probable cause determination. We need not decide the question, however, because we have sustained general verdicts where "we are sufficiently confident that the verdict was not influenced by [any] error in the jury charge." *Chowdhury v. Worldtel Bangl. Holding, Ltd.*, 746 F.3d 42, 50 (2d Cir.), *cert denied sub nom. Khan v. Chowdhury*, 135 S. Ct. 401 (2014) (quoting *Bruneau ex. rel. Schofield v. S. Kortright Cent. Sch. Dist.*, 163 F.3d 749, 759–60 (2d Cir. 1998), *abrogated by Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009)).

We review the district court's jury instructions de novo, reversing only where there is error and the error is not harmless. *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 152–53 (2d

4

Cir. 2014); *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 55 (2d Cir. 2012). "An error is harmless only when we are persuaded it did not influence the jury's verdict." *Townsend*, 679 F.3d at 56 (quoting *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 758 (2d Cir. 2004)). For substantially the reasons stated by the district court, we discern no error in the disorderly conduct instruction given at trial. Moreover, even assuming there was error, Stern would not be entitled to a new trial because, in light of the evidence and arguments presented at trial, we are confident that even had the district court given Stern's proposed instruction, the jury's verdict would have been the same.

3. Stern's next contention fails for similar reasons. Stern argues that he was entitled to judgment as a matter of law on the question of whether the defendants had probable cause to arrest him for disorderly conduct. We review the district court's denial of Stern's motion de novo. *Cash v. Cty. of Erie*, 654 F.3d 324, 332 (2d Cir. 2011). Where the jury has returned a verdict, a court will set it aside "only if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Id.* Proving disorderly conduct under N.Y. Penal Law § 240.20 requires the prosecution to establish three elements: (i) the defendant's conduct was "public" in nature; (ii) the conduct was done with "intent to cause public inconvenience, annoyance or alarm" or with recklessness as to "creating a risk thereof"; and (iii) the conduct fits within one of the categories listed in the statute (such as, inter alia, making "unreasonable noise"). *Provost v. City of Newburgh*, 262 F.3d 146, 157–59 (2d Cir. 2001). Based on the extensive trial testimony, the jury could reasonably have concluded that Stern was yelling, cursing, and threatening law enforcement officers in the morning on a

5

residential street. The jury could also reasonably have concluded—based on evidence of Stern's loud volume, angry manner, repeated refusal to follow instructions from law enforcement officers, and the residential location—that the officers had probable cause to believe Stern was reckless to the risk of causing "public inconvenience, annoyance or alarm" through his conduct. *See id.* at 157. Finally, with respect to the third element of the disorderly conduct provision, the jury could also reasonably have concluded that by yelling and cursing and threatening, Stern was making "unreasonable noise." *See id.* at 159. Stern's argument that the jury verdict should have been set aside is thus without merit.

4. Stern's final contention is that the district court erred by granting summary judgment to the City. The district court dismissed the *Monell* claim, concluding that there was no evidence from which a reasonable jury could conclude that relevant policymakers had acted with deliberate indifference to the risk that Officer Shammas would violate Stern's constitutional rights. Because we do not disturb the jury's determination that Stern suffered no violation of his constitutional rights, there is no basis for Stern's derivative claim against the City. *City of L.A. v. Heller*, 475 U.S. 796, 798–99 (1986). Accordingly, this claim, too, is without merit.

## III. Conclusion

We have considered Stern's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6